IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| KARL SHACKELFORD, PRO SE, § <br> also known as KARL LYNN McGEE, § <br> also known as KARL LYNN SHACKELFORD,§ <br> TDCJ-CID No. 1368700, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TDCJ INMATE TRUST FUND; § <br> P. SLOAN; and § <br> JOE MILBERN, Region V, A.R.D., § <br> § <br> Defendants. § | 2:10-CV-0190 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff KARL SHACKELFORD, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants. The Court recognizes that the plaintiff did not submit his complaint on the form provided for civil rights complaints by prisoners and that he did not submit an application to proceed in forma pauperis with supporting financial disclosure. In light of plaintiff's extensive litigation experience, the Court considers the submission of his current complaint to constitute an implied request to proceed in forma pauperis. The Court waives the requirement that plaintiff submit a complaint form and an application to proceed in forma pauperis, as it would not affect the outcome of this case.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior civil actions or appeals, brought during detention, dismissed as frivolous,

malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff SHACKELFORD has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause No. 6:07-CV-392 was dismissed by the United States District Court for the Eastern District of Texas, Tyler Division, on October 5, 2007, as frivolous, and the appeal was dismissed on April 13, 2009; Cause No. 6:07-CV-442 was dismissed by the United States District Court for the Eastern District of Texas, Tyler Division, on April 9, 2008, as frivolous, and no appeal was taken; Cause No. 2:07-CV-163 was dismissed as frivolous by the United States District Court for the Northern District of Texas, Amarillo Division, on June 12, 2008, and the appeal was dismissed on February 11, 2009; and Cause No. 2:08-CV-152 was dismissed as frivolous by the United States District Court for the Northern District of Texas, Amarillo Division, on October 9, 2008, and no appeal was taken.

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff KARL SHACKELFORD may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in Title 28, United States Code, section 1915 (g). Even if this cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above, the instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

Signed this the 16th day of August, 2010.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
United States District Judge